# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

MARK ALAN VINING,                )
                                 )
        Plaintiff,       )
                                 )
                                 )
vs.                              )  CASE NO. 3:05-1081
                                 )  JUDGE ECHOLS/KNOWLES
                                 )
                                 )
SGT. PITTS, et al.,              )
                                 )
        Defendants.      )

## REPORT AND RECOMMENDATION

This matter is before the Court following Plaintiff's failure to comply with this Court's Order entered June 12, 2006. Docket No. 18. That Order, which was entered in response to Defendants' "Motion to Dismiss for Failure to Prosecute" (Docket No. 17), provides in pertinent part as follows:

> Within twenty (20) days of the entry of this Order, Plaintiff shall advise the Court and defense counsel of his current address. If Plaintiff fails to do so, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to follow Court Orders.

Docket No. 18, p. 2.

That Order also referred to the fact that the Scheduling Order previously entered in this case (Docket No. 12) provides in pertinent part as follows:

> Each party is required to keep both the Court and the opposing party or their counsel informed of their current address. A Plaintiff's failure to keep the Court informed of his/her current address may result in a recommendation that his action be dismissed for failure to prosecute and for failure to comply with

the Court's Order.

Docket No. 18, p. 1, *citing* Docket No. 12, p. 2.

That Order also referred to the fact that Defendants had stated that at least two items of mail sent to Plaintiff's last known address by Defendants had been returned. The Court further noted that two of its previous Orders (Docket Nos. 14, 15) had been returned undelivered.

Finally, the Court notes that the latest Order (Docket No. 18) has been returned undelivered.

In determining whether to dismiss a case either as a sanction for failure to comply with Court Orders under Fed. R. Civ. P. 37(b) or for failure to prosecute under Rule 41(b), a court should consider four factors: (1) whether the party's failure was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Nader v. Land*, 433 F.3d 496, 501-02 (6th Cir. 2002).

First, it is unclear whether Plaintiff's failure to keep the Court and Defendants advised of his address was due to willfulness, bad faith, or fault. In fact, it appears that Plaintiff did not receive a copy of the Scheduling Order entered in this case.[1]

Second, Defendants have obviously been prejudiced by Plaintiff's conduct. Defendants cannot proceed in their defense of this case until they are able to be in contact with Plaintiff.

---

[1] The Scheduling Order was entered March 17, 2006, and was sent to Plaintiff at the address given in his Complaint, the Criminal Justice Center in Nashville. That copy of the Scheduling Order was returned by the Postal Service with the handwritten notation "Released 2/24/06" on the envelope. Docket No. 14.

Third, Plaintiff was warned that his failure to cooperate could lead to dismissal. He was warned in the Scheduling Order (Docket No. 12), as quoted above. He was specifically warned in the Court's Order entered June 12, 2006 (Docket No. 18), that the undersigned would recommend that this action be dismissed if Plaintiff failed to advise the Court and defense counsel of his address within twenty (20) days of the entry of that Order.

Finally, less drastic sanctions were imposed or considered. Specifically, the Court's June 12, 2006, Order required Plaintiff to advise the Court and defense counsel of his address.

For all the foregoing reasons, the undersigned recommends that this action be DISMISSED for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and for failure to follow Court Orders, pursuant to Fed. R. Civ. P. 37(b).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                    E. Clifton Knowles
                                                    United States Magistrate Judge